UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>REPWIRE, LLC, JOSE PIGNA, and )<br>AMERICAN ALTERNATIVE INSURANCE )<br>CORPORATION, )<br>   )<br>   Defendants. )<br>   ) | Court No. 24-00173 |

## COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action against Repwire LLC (Repwire), Mr. Jose Pigna, and American Alternative Insurance Corporation (AAIC), and alleges the following:

1. This is an action to recover unpaid custom duties and to enforce a monetary civil penalty pursuant to 19 U.S.C. § 1592.

2. This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

## DEFENDANTS

3. At all times relevant to the matters described in this complaint, and upon information and belief, defendant Repwire was incorporated in the State of Florida and its registered address is 1840 SW 22nd St., 4th Floor, Miami, Florida 33145. Repwire specializes in the importation of aluminum wire. According to its website Repwire is "Your best solution on cables[.]" Repwire's website lists nine different products, including XHHW-2 ALUMINUM

CONDUCTOR and UD TRIPLEX TRI-RATED 600V.

http://www.repwires.com/category/products/. Repwire began importing aluminum wire from the People's Republic of China (China) as early as 2015.

4.      At all times relevant to the matters described in this complaint, and upon information and belief, defendant Jose Pigna was Repwire's "manager" and is the individual with actual knowledge of and decision-making authority regarding Repwire's import entries of aluminum wire. Repwire's customs brokers all identified Mr. Pigna as their sole point of contact for in-person, telephonic, and written communications.

5.      Upon information and belief, defendant AAIC is a Delaware corporation with a mailing address of 555 College Rd East, Princeton, NJ 08540, and was authorized at all times relevant to this complaint to underwrite surety bonds. On or about April 9, 2019, AAIC executed a continuous bond in the amount of $100,000.00 effective on April 25, 2019, and terminating April 24, 2020. On or about April 16, 2020, AAIC executed another continuous bond in the amount of $100,000.00 effective April 25, 2020, and terminating April 24, 2021.

**REPWIRE'S FALSE AND MATERIAL MISTATEMENTS ALLOWED IT TO EVADE MILLIONS IN VARIOUS DUTIES OWED ON CHINESE ALUMINUM WIRE**

6.      During the period between September 9, 2019, through on or about April 2, 2021, Repwire, as importer of record, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain merchandise ("the subject merchandise"), consisting of aluminum wire manufactured in China, under cover of 248 entries ("the subject entries") filed with U.S. Customs and Border Protection (CBP) at various ports. The subject entries are identified in Exhibit A to this complaint.

7.      The subject merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions.

In its entry documentation, Repwire misrepresented the code of the Harmonized Tariff Schedule of the United States (HTSUS) that was applicable to the aluminum wire it was importing. Specifically, Repwire falsely classified the subject merchandise under HTSUS 8544.42.9090 (wire fitted with connectors) when the subject merchandise should have been classified under HTSUS 8544.49.9000 (wire without connectors). Repwire also falsely represented the origin of the subject merchandise, identifying Singapore or the Republic of Korea as the country of origin. In fact, the true country of origin for the aluminum wire was always China.

8.  The false statements referenced in paragraph 7 above were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries. CBP calculated the *total* loss of revenue (actual loss plus potential loss) as $28,879,265.33.

9.  Every importer of record must exercise reasonable care in entering merchandise into the United States. *See* 19 U.S.C. § 1484(a)(1). Here, Repwire's method of importing the subject merchandise underwent changes over time that appear to have been intended to evade new increases in the amount of duties owed on Chinese aluminum wire. Under the circumstances, Repwire's material false statements referenced in paragraph 7 above reflect "actual knowledge of or wanton disregard for the relevant facts and with indifference to or disregard for the offender's obligations under the statute," 19 C.F.R. § 171, App'x B § C(2) (definition of gross negligence), and at the very least resulted from its failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the importation of merchandise were complete and accurate.

10. With respect to the general (Column 1) duties owed on subject merchandise covered by HTSUS 8544.49.9000 (wire without connectors), Repwire initially correctly

classified its entries (and paid the 3.9% *ad valorem* duty rate), but, in August 2018, shortly after a special duty (which added an additional 25% *ad valorem* duty) was assessed by the United States Trade Representative pursuant to Section 301 of the Trade Act, 19 U.S.C. § 2411, Repwire began importing substantially the same aluminum wire from China under HTSUS 8544.42.9090 (wire fitted with connectors), that was not subject to Section 301 duties and for which the general tariff was 2.6% duty. The connectors that Repwire added to the Chinese wire were nonfunctional additions added as an artifice to avoid duties.

11. Later, Repwire changed its method of importing Chinese aluminum wire again in response to changes to the Section 301 duties. On September 21, 2018, the Section 301 orders were modified to include other categories of merchandise imported from China, *including* aluminum wires *with connectors* under HTSUS 8544.42.9090.[1] In response, in or around November 2018, Repwire started claiming Singapore as the country of origin for its Chinese aluminum wire in an apparent attempt to circumvent expanded Section 301 duties. In July 2020, Repwire started claiming Korea as the country of origin for its Chinese aluminum wire. Repwire's false reporting of the country of origin was an attempt to evade the Section 301 duties owed on Chinese aluminum wire.

12. Repwire's false entry statements that identified its Chinese aluminum wire as having originated in Singapore or Korea also permitted Repwire to evade antidumping and countervailing duties imposed by the Department of Commerce. Specifically, because Repwire had already started to claim Singapore as the country of origin in November 2018 (to evade Section 301 duties), after Commerce entered its antidumping and countervailing duty orders

---

[1] These modified Section 301 duties started at 10% *ad valorem* effective September 24, 2018, and increased to 25% on January 1, 2019.

covering aluminum wire and cable from China, Repwire's false statements relating to the country of origin allowed it to evade the antidumping and countervailing duties owed on the aluminum wire it was importing from China.[2]

13.  Repwire, acting through Mr. Pigna, did not consult a customs attorney as to the truth of its statements before making its entries or request a formal customs ruling before making its entries.  Upon information and belief, Repwire, acting through Mr. Pigna, did not review prior CBP rulings before making its entries.

## ADMINISTRATIVE PROCEEDINGS

14.  On May 7, 2024, CBP issued a duty demand jointly and severally to Repwire, Mr. Pigna, and AAIC for $13,296,721.15.

15.  On May 16, 2024, CBP issued an amended pre-penalty notice to Repwire and Mr. Pigna that asserted grossly negligent or, in the alternative, negligent violations of 19 U.S.C. § 1592.

16.  On May 16, 2024, CBP also issued an amended duty demand jointly and severally to Repwire, Mr. Pigna, and AAIC for $13,339,632.29.

17.  On May 29, 2024, after consideration of both oral and written presentations provided by Repwire and Mr. Pigna, CBP issued a penalty notice that included a revised duty demand of $13,124,100.69.

18.  On June 7, 2024, Repwire submitted a petition for relief from the penalty, which CBP denied on June 11, 2024.

---

[2] In April 2019, Commerce assessed an "all others" CVD rate of 13.67% on aluminum wire and cable from China, including merchandise classified under HTSUS 8544.49.9000 and 8544.42.9090.  84 Fed. Reg. 13886 (Apr. 8, 2019).  In June 2019, Commerce assessed an "all others" ADD rate of 63.32% for such imported merchandise, including merchandise classified under HTSUS 8544.49.9000 and 8544.42.9090. 84 Fed. Reg. 86069 (Jun. 5, 2019).

19.     To date, no defendant has paid any part of the unpaid duties and penalties demanded by CBP.

## COUNT I

20.     The allegations contained in paragraphs 1 through 13 above are restated and incorporated by reference.

21.     The acts and omissions referred to in paragraphs 1 through 13 above were committed by Repwire and Mr. Pigna with reckless or wanton disregard for the relevant facts and with indifference to or disregard for Repwire's obligations as an importer and, thus, constitute grossly negligent violations of 19 U.S.C. § 1592(a).

22.     By reason of the grossly negligent violations referred to above, Repwire and Mr. Pigna are jointly and severally liable to the United States, pursuant to 19 U.S.C. § 1592(c)(2), for a civil penalty in the amount of $62,128,775.63, equal to the domestic value of the aluminum wire, which is an amount less than four times the total loss of revenue resulting from the violations.

## COUNT II

23.     The allegations contained in paragraphs 1 through 13 above are restated and incorporated by reference.

24.     If the Court determines that the violations referred to in paragraphs 1 through 13 above were not the result of gross negligence, then the violations were the result of negligence on the part of Repwire and Mr. Pigna, in violation of 19 U.S.C. § 1592(a), because Repwire and Mr. Pigna failed to exercise reasonable care and competence to ensure that statements made and information provided in connection with the classification of the Subject Merchandise were complete and accurate.

25.   By reason of the negligent violations referred to above, Repwire and Mr. Pigna are jointly and severally liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a civil penalty in the amount of $57,758,530.67, equal to two times the lawful duties, taxes, and fees of which the United States is or may be deprived.

## COUNT III

26.   The allegations contained in paragraphs 1 through 13 are restated and incorporated herein by reference.

27.   By reason of the violations of 19 U.S.C. § 1592(a) identified above, Repwire and Mr. Pigna are liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $11,471,196.17, plus pre-judgment and post-judgment interest.

## COUNT IV

28.   The allegations contained in paragraphs 1 through 13 are restated and incorporated herein by reference.

29.   By reason of the violations of 19 U.S.C. § 1592(a) identified above, AAIC is liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $200,000.00, the limit of AAIC's surety obligation.

WHEREFORE, the United States respectfully requests that the Court:

(a)   Enter judgment for the United States and against Repwire and Mr. Pigna, jointly and severally, for a gross negligence penalty in the amount of $62,128,775.63, pursuant to 19 U.S.C. § 1592(c)(2), plus post-judgment interest, costs, and such other relief as may be just and appropriate; or, alternatively, enter judgment against Repwire and Mr. Pigna, jointly and

severally, for a negligence penalty in the amount of $57,758,530.66, pursuant to 19 U.S.C. § 1592(c)(3), plus post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(b)  Enter judgment for the United States against Repwire and Mr. Pigna, in the amount of $11,471,196.17, and AAIC in the amount of $200,000.00 (AAIC's maximum liability under the terms of the bonds), jointly and severally, pursuant to 19 U.S.C. § 1592(d), plus pre-judgment and post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(c)  Award such additional relief as the interest of justice may require.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

        /s/ Franklin E. White, Jr.
        FRANKLIN E. WHITE, JR.
        Assistant Director

| OF COUNSEL: | /s/ Daniel A. Hoffman |
|---|---|
| BAYLEIGH J. PETTIGREW | DANIEL A. HOFFMAN |
| Senior Attorney | Trail Attorney |
| Department of Homeland Security | Department of Justice |
| U.S. Customs and Border Protection | Civil Division |
| Office of the Associate Chief Counsel | Commercial Litigation Branch |
| Los Angeles, CA | PO Box 480, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel.: (202) 353-0547 |
| | Email: daniel.a.hoffman@usdoj.gov |
| September 10, 2024 | Attorneys for Plaintiff |