THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>REPWIRE, LLC, JOSE PIGNA and<br>AMERICAN ALTERNATIVE INSURANCE<br>CORPORATION<br>    Defendants.<br><br>AMERICAN ALTERNATIVE INSURANCE<br>CORPORATION,<br><br>    Cross-Claimant,<br><br>v.<br><br>REPWIRE, LLC and JOSE PIGNA<br><br>    Cross-Defendants | Court No. 24-00173<br>**ANSWER AND**<br>**CROSS-CLAIM** |

## ANSWER

Pursuant to the Rules of this Court including Rules 7(a)(2), Defendant, American Alternative Insurance Corporation (AAIC), by and through its attorneys responds to the allegations of Plaintiff's, United States, Complaint as follows:

1. AAIC admits that Plaintiff brought this action seeking to collect duties and enforce monetary civil penalties.

2. AAIC admits that the U.S. Court of International Trade has exclusive jurisdiction over this matter.

3. AAIC denies the allegations in this paragraph for lack of information or knowledge

Court No. 24-00173

sufficient to form a belief as to the truthfulness.

    4.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    5.    AAIC admits.

    6.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    7.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    8.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    9.    The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required.  To the extent any of the allegations can be considered allegations of fact, AAIC denies for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    10.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    11.    AAIC admits that the Section 301 orders were modified to include wire connecters under 8544.42.9090. AAIC denies the remainder of the allegations in this paragraph for lack of information sufficient to form a belief as to the truthfulness.

    12.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

    13.    AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

14. AAIC Admits.

15. AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

16. AAIC Admits.

17. AAIC Admits that CBP issued a penalty notice and revised duty demand on May 29, 2024.  AAIC denies the remainder of the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

18. AAIC denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

19. AAIC admits that it has not paid any part of the duties demanded by CBP but denies that any penalties were or could have been demanded of AAIC.  AAIC denies the remainder of the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness.

## COUNT I

20. AAIC incorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

21. The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required.  To the extent any of the allegations can be considered allegations of fact, AAIC denies for lack of information or knowledge sufficient to form a belief as to the truthfulness.

22. The allegations in this paragraph consist of legal arguments and/or conclusions of

law to which no response is required. To the extent any of the allegations can be considered allegations of fact, AAIC denies for lack of information or knowledge sufficient to form a belief as to the truthfulness.

**COUNT II**

23. AAIC incorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

24. The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required. To the extent any of the allegations can be considered allegations of fact, AAIC denies for lack of information or knowledge sufficient to form a belief as to the truthfulness.

25. The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required. To the extent any of the allegations can be considered allegations of fact, AAIC denies for lack of information or knowledge sufficient to form a belief as to the truthfulness.

**COUNT III**

26. AAIC incorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

27. The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required. To the extent any of the allegations can be considered allegations of fact, AAIC denies for lack of information or knowledge sufficient to form a belief as to the truthfulness.

**COUNT IV**

28. AAIC incorporates its responses to paragraphs 1 through 13 as if fully set forth

Court No. 24-00173

herein.

29.     The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## AFFIRMATIVE DEFENSES

1.     Reasonable care was exercised at all times regarding the entries at issue.

**Wherefore**, Defendant AAIC respectfully requests that judgment be entered in its favor and against Plaintiff, United States and that Plaintiff take nothing by way of its complaint, and that Defendant AAIC be awarded costs, attorneys fees and for such other and further relief as this Court deems just and proper.

## CROSS CLAIM

### Jurisdiction

1. This Court has jurisdiction over this cross claim pursuant to 28 USC 1583(2) and USCIT Rule 13(e).

2. This cross claim is brought by Cross-Claimant AAIC against Cross-Defendants Repwire and Mr. Pigna to compel payment and for indemnity for the monies claimed and demanded by Plaintiff, United States, from AAIC, as surety, pursuant to the terms of the bonds referenced in paragraph 5 of Plaintiff's complaint which include 1) continuous bond no. 19C000GDM with a penal amount of $100,000.00, dated on or about April 9, 2019 and effective between April 25, 2019 and April 24, 2020, and 2) continuous bond no. 20C000GCX with a penal amount of $100,000.00, dated April 16, 2020, effective between April 25, 2020 and April 24, 2021 (Subject Bonds).  Cross-Defendant Repwire is named as principal and Cross-Claimant AAIC as surety in the Subject Bonds.  Subject Bonds attached as **Exhibit A**.

5

Court No. 24-00173

3. At the request of Cross-Defendant Repwire, Cross-Claimant AAIC, as surety executed and delivered to CBP the Subject Bonds.

4. Cross-Claimant AAIC is, and at all times relevant to this cross claim was, a Delaware corporation authorized to underwrite customs surety bonds.

5. On information and belief, Cross-Defendant Repwire is a Florida corporation and is the principal under the Subject Bonds issued by AAIC, which are the subject of Plaintiff's action as against AAIC and Cross-Defendant Jose Pigna is Repwire's manager and acts on its behalf.

## COUNT I
(Order to compel payment of obligation)

6. Cross-Claimant AAIC incorporates by reference the allegations contained in paragraphs 1 through 5 of the Cross-Claim as though fully set forth herein.

7. Under the terms of the Subject Bonds, Cross-Claimant AAIC undertook and agreed to pay to CBP, any and all duties and taxes and fees found to be legally due, legally fixed and imposed on any entry secured by the Subject Bonds up to the maximum penal value of the Subject Bonds.

8. CBP has made a demand upon Cross-Defendants Repwire and Mr. Pigna for payment of customs duties in the amount of $13,124,100.69 for entries entered during the period covered by the Subject Bonds.

9. Cross-Defendants have not paid any of the outstanding duty sums demanded by CBP. As a result of Cross-Defendants' failure to remit payment to CBP, it has become necessary for AAIC to employ the services of Sandler, Travis & Rosenburg to protect the rights and interests of AAIC in defending against Plaintiff, United States, claim and demand for said duties and fees.

10. On information and belief, Cross-Defendants are financially solvent and able to pay the demand for duties.

11. Cross-Defendants are or will be liable to Cross-Claimant AAIC for all claims for withheld

6

Court No. 24-00173

duties and fees asserted by Plaintiff and secured by the Subject Bonds identified in Plaintiff's Complaint up to the $200,000.00 limitation of the Subject Bonds plus any applicable interest, if Plaintiff is successful in obtaining judgment against AAIC under 19 U.S.C. §1592(a) and (d).

12. As a result of Cross-Defendants' failure to pay said claim and demands for duties and fees, and unless said Cross-Defendants are compelled to pay the same, if Plaintiff is successful, Cross-Claimant AAIC may be compelled to pay said obligation, all to AAIC's detriment in the sum of $200,000.00 plus interest as prayed for in Plaintiff's Complaint

### COUNT II
(Indemnity)

13. Cross-Claimant AAIC incorporates by reference the allegations contained in paragraphs 1 through 5 of the Cross-Claim as though fully set forth herein.

14. Cross-Defendants are, and at all times relevant herein were, primarily obligated and responsible for payment of the duties and fees demanded from them by Plaintiff, while Cross-Claimant AAIC was only secondarily and derivatively liable therefore.

15. As a result of the foregoing, Cross-Defendants are obligated to indemnify Cross-Claimant AAIC for the amount of withheld duties and fees being demanded by Plaintiff from Cross-Claimant AAIC and secured by the Subject Bonds.

Court No. 24-00173

**WHEREFORE**, for its FIRST and SECOND COUNTS, Cross-Claimant AAIC prays for an order and judgment against Cross-Defendants, as follows:

1. For a judgment against Cross-Defendants compelling the payment in full satisfaction of the $200,000.00 demand for withheld duties and fees, plus interest, under the Subject Bonds identified in Paragraph 5 of Plaintiff's Complaint should plaintiff be successful;

2. For a judgment compelling Cross-Defendants to indemnify Cross-Claimant AAIC in full for the payment on any claim or demand for withheld duties and fees made by Plaintiff on account of the bonds identified in plaintiff's Complaint;

3. For reasonable attorney's fees;

4. For the cost of suit herein incurred; and

5. For such other and further relief as the Court may deem appropriate.

Respectfully submitted,

**SANDLER, TRAVIS & ROSENBERG, P.A.**
*Attorneys for Plaintiff*
675 Third Avenue, Suite 2425
New York, New York 10017
Telephone: (212) 549-0137

By: /s/ Jason M. Kenner
     JASON M. KENNER

Dated: December 9, 2024
      New York, New York