UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Before: Lisa W. Wang, Judge |
| : | |
| **REPWIRE, LLC,** : | Court No. 24-00173 |
| **JOSE PIGNA, and** : | |
| **AMERICAN ALTERNATIVE INSURANCE** : | |
| **CORPORATION,** : | |
| : | |
| **Defendants.** : | |
| : | |

## STIPULATED PROTECTIVE ORDER

Plaintiff, the United States, and defendants, Repwire, LLC, Jose Pigna, and American Alternative Insurance Corporation, do hereby jointly stipulate and agree to this Protective Order, subject to the approval of the Court.

WHEREAS, discovery in this action may involve the disclosure of confidential or protected trade secrets, proprietary business or financial information of a party or non-party, or confidential information of the United States Government; and

WHEREAS, plaintiff and defendants, each represented by and through their respective counsel, agree that it would facilitate the parties' discovery to produce any such confidential information under a Protective Order pursuant to Rule 26(c) of the Rules of the Court of International Trade (USCIT R.), and have stipulated and agreed to the terms of paragraphs 1 through 35 of this Order; and

WHEREAS, the parties respectfully request that the Court enter this Order pursuant to USCIT R. 26(c)(1) governing the use of information and documents produced in this case, the

terms of which are set forth in this Order, and good cause therefore having been shown, it is therefore

ORDERED that the protective order is granted.  The protective order is as follows:

## Implementing Fed. R. Evid. 502(D)

Pursuant to the agreement of the parties and the authority granted this Court under Fed. R. Evid. 502(d), it is hereby ordered that a party's disclosure, in connection with this litigation, of any communication or information covered by the attorney-client privilege or entitled to work-product protection shall not constitute a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding.

## Clawback of Material Claimed as Privileged

If a party determines that it has produced information it asserts is protected by the attorney-client privilege, the work-product doctrine, or other governmental privileges, the producing party shall give notice in writing that the document is to be returned.  The party receiving a request for the return of privileged information shall immediately "dispose of" the document and all copies within thirty (30) days, as defined below, and treat the information as protected until agreed upon otherwise by the parties or determined by the Court to be not protected.  To "dispose of" means to return the information to the producing party or, with the consent of the producing party, destroy it, and to notify the producing party that it has done so.  If a party objects to a claim of privilege, the objecting party shall make a good-faith effort to resolve the dispute with opposing counsel before involving the Court.

Definition of Sensitive Information

1. Plaintiff, and Defendants, by their respective counsel, do hereby jointly stipulate and agree to this protective order (Protective Order) restricting the disclosure of sensitive information produced in connection with this action.

2. For purposes of this Protective Order, "sensitive information" shall include (i) information exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(3), (4), (6), and (7); (ii) a trade secret, as defined in 18 U.S.C. § 1839(3); (iii) information protected by the Privacy Act; and (iv) any other proprietary, business, financial, technical, or commercially sensitive information, the disclosure of which might result in a competitive advantage.

Purpose of Protective Order

3. This Protective Order shall govern the use and dissemination of all documents, material, or information designated as Sensitive Information in accordance with these terms.

4. This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own sensitive information.

5. This Protective Order shall not preclude any party from seeking or obtaining additional protection or seeking relief from the Protective Order with respect to any materials, or information where necessary. The producing party shall act in good faith when designating discovery material as sensitive pursuant to this Protective Order.

Designation and Treatment of Sensitive Information

6. Once material is designated under this protective order, it shall be treated as protected pursuant to the terms of this agreement unless the designation is withdrawn by the

agreement of the producing party and any party to this litigation whose sensitive material is contained therein. Should parties disagree on the designation of materials as sensitive, and thus subject to the terms of this protective order, the materials will nonetheless remain protected under the terms of the agreement unless and until the dispute is resolved by the Court or by mutual agreement.

7. Any party or other person who produces or supplies information, documents, or other material in this case (Designating Party) may designate as "Sensitive Information" any information, document, or material that meets the definition set forth in paragraph 2 of this Order. A party may designate as Sensitive Information material produced by the other party or third parties in this case if that material relates to the party's own Sensitive Information, and otherwise meets the definition set forth in this Order and is not excluded by Paragraph 14 of this Order.

8. If a non-party produces or discloses information for purposes of this litigation, that non-party may agree to be bound by the terms and conditions of this Protective Order and shall so state in writing. In that case, the non-party may designate documents and information as Sensitive Information, and the parties hereto shall abide by the terms herein with respect to such information. Such non-party, however, has no right to access and review the Sensitive Information designated and produced by the parties or by other non-parties.

9. The designation "Sensitive Information" shall be made by affixing on the document or material containing such information the following words: "PROTECTED, SUBJECT TO PROTECTIVE ORDER." Any material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect, served

within five (5) business days of the material's production, with a reasonable description of the material in question.

10. A party that produces documents in electronic form or native format may insert the phrase "PROTECTED, SUBJECT TO PROTECTIVE ORDER" and a bates or hash number into the document. The parties reserve the right to agree to other means to designate Sensitive Information produced in electronic form or to ask the Court to permit designation of such documents in another manner.

11. Neither the designation nor the failure to object to a designation shall be construed as an admission or agreement by any party that the designated information constitutes or contains Sensitive Information as to which the Disclosing Party is entitled to any protection or rights under applicable legal principles, except as provided in this Protective Order.

12. All persons having access to Sensitive Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. This Protective Order applies to all vendors including, without limitation, any copy service, document storage companies, or electronic discovery vendors. It is the responsibility of counsel of record to take reasonable steps to ensure that all vendors comply with this Protective Order.

13. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copy containing Sensitive Information, or any electronic image or database containing Sensitive Information, shall be subject to the terms of this Protective Order to the same extent as the document, material, or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, or database is derived. This paragraph is not intended to provide confidential treatment to motions, briefs, or other Court-filed documents

that are based generally on information contained in sensitive materials, unless such motions, briefs, or court filings make specific reference to Sensitive Information.

14.     This Protective Order shall not protect from disclosure or permit the sensitive designation of any document, information or material that: (a) the party has not made reasonable efforts to keep sensitive or confidential; (b) has been produced in any other action or proceeding without confidentiality or sensitivity protection, except inadvertently produced documents; (c) has been lawfully obtained by and from another source without any confidentiality designations or expectations; or (d) has been denied confidential or sensitive treatment in any other action or proceeding by a final Court order.

Limitations on Use of Sensitive Information

15.     Sensitive Information shall only be used by the parties and their counsel for prosecution and defense of this case, including any appellate proceedings. Except for the potential use specified in paragraph 16 of this Protective Order, or in connection with any other case later filed with the United States Court of International Trade as directly related to this case, Sensitive Information shall not be used or disseminated in any other cases, actions, or proceedings. Sensitive Information shall not be used for any other purpose whatsoever including without limitation commercial, publicity, business, marketing, competitive, or personal purposes without prior written approval by the Designating Party or Order of the Court. Bates numbers, hash numbers, and confidentiality designations placed on a document by the Designating Party shall not be removed or altered.

16.     Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or

information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Sensitive Information consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

17. Nothing in this Protective Order shall be interpreted as limiting the right of counsel to disclose to their client information which was originally submitted by that client, whether the information appears in a submission of the client or in a submission of a party other than the client (provided that, in the latter case, all confidential information of a party other than the client has been redacted from the document prior to inspection by the client).

Disclosure of Sensitive Information

18. No Sensitive Information may be disclosed except: (a) as expressly authorized by this Protective Order; or (b) with the prior written consent of the Designating Party.

19. Access to Sensitive Information shall be limited to:

    a. Counsel who have entered an appearance before the Court and their legal staff. The parties agree to limit disclosure of Confidential Information to those individuals necessary to prosecute or defend this case;

    b. Defendant parties, as long as they sign the Confidentiality Agreement and specifically identify the sensitive information they are being shown;

    c. Personnel associated with the United States Department of Justice, United States Department of Homeland Security, and any other United States agency implicated in the administration, investigation, and/or prosecution of the subject matter identified in this matter, including employees, investigators, contractors, and/or consultants.

  d.  Vendors involved in copying, organizing, labeling, converting, storing, printing, processing, or retrieving Sensitive Information;

  e.  Persons who prepared, received, or reviewed the subject Sensitive Information prior to its production in this case;

  f.  Videographers or court reporters retained by the parties or the Court;

  g.  The Court and its personnel;

  h.  Claims personnel for any company insuring defendants on any portion of the claims on the policy or policies, if any, involved in this case;

  i.  Any noticed or subpoenaed deponent or witness, if such information is necessary to prepare that witness to testify or to develop that witness's testimony at deposition or trial; and

  j.  Any expert witness who has been identified to the opposing party, if such information is necessary to prepare that witness to testify or to develop that witness's testimony at deposition or trial.

20. Each person who is permitted access to Sensitive Information as set forth in paragraph 19 sections(b), (h) through (j) shall first be shown a copy of this Protective Order and shall sign a copy of the "Confidentiality Acknowledgment," which binds the person to the terms of this Protective Order and which is attached to the Protective Order as Attachment A.  Counsel for the party disclosing the Sensitive Information shall obtain an executed Confidentiality Acknowledgment that identifies the Sensitive Information, by Bates number or other appropriate document identification, to be disclosed, from any person to whom Sensitive Information is disclosed in advance of such disclosure; and shall provide the original executed Confidentiality Acknowledgment to the other parties in this matter prior to the disclosure of any Sensitive

Material, providing other parties reasonable opportunity to object to the disclosure. The parties identified in paragraph 19 sections (a) and (c) through (g) shall be presumed bound by the terms of the Protective Order and shall not be required to execute a Confidentiality Acknowledgment.

21. If a party or other person is in possession, custody, or control of documents or material, the content of which has been designated as Sensitive Information, receives a subpoena or court order for production of Sensitive Information (collectively "Subpoena"), that party or person shall immediately notify the Designating Party and, at a minimum, shall provide the Designating Party fifteen (15) days notice prior to any required production. The party or other person to whom the Subpoena is directed shall not disclose Sensitive Information before the production date set forth in the Subpoena and shall seek an extension of time to comply with any Subpoena when necessary to provide the required ten (15) day notice to the Designating Party, as set forth above.

## Depositions Involving Sensitive Information

22. Depositions, or portions thereof, may be designated Sensitive Information by counsel for the deponent or the Designating Party. Designation of Sensitive Information may be made on the record at deposition or in writing no later than thirty (30) days after receipt of the final, unsigned deposition transcript.

23. Only persons who are authorized to receive access to Sensitive Information, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which Sensitive Information is shown or discussed.

## Filing or Use of Sensitive Information as Evidence

24. Sensitive Information shall not be filed with the Court except as required in connection with a motion or other matter pending before the Court. If filed, such Sensitive

Information shall be filed under seal and shall remain sealed so long as it retains its status as Sensitive Information. Counsel for each of the parties is responsible for taking reasonable steps to ensure Sensitive Information is filed under seal.

25. Subject to the Federal Rules of Evidence, Sensitive Information may be offered as evidence at trial, subject to any restrictions the Court may order or apply to protect the Sensitive Information from unauthorized disclosure. A Designating Party may move the Court for an order that any evidence designated as Sensitive Information shall be received at trial in camera or under other conditions necessary to prevent disclosure to third parties. Nothing in this Protective Order shall be deemed to waive the right of any party to object to the admission into evidence of any information covered by this Protective Order.

Objections to Designation of Sensitive Information

26. If a dispute arises concerning the designation of any Sensitive Information, the parties agree that they shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

27. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Sensitive Information under this Protective Order, a party may apply to or move the Court for an *in camera* determination or Order that Sensitive Information is not entitled to such designation status and protection from disclosure. The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond. Material designated as Sensitive Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

Preservation of Sensitivity

28. Counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, distribution of, or access to Sensitive Information.

29. This Protective Order is not a waiver or relinquishment of a party's sensitivity claim to any designated materials. This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced.

30. The inadvertent, unintentional, or *in camera* disclosure of Sensitive Information shall not be deemed a waiver, in whole or in part, of any party's claims of sensitivity. The parties agree to meet and confer in good faith to resolve any disputes as to whether a party has waived its claim of sensitivity. Any dispute over whether the Designating Party has waived its claim of sensitivity shall be resolved in accordance with the procedures set forth in paragraphs 26 and 27 (Objections to Designation of Sensitive Information) and any applicable case law.

31. If a party inadvertently fails to designate materials or information as Sensitive Information under this Protective Order, the Designating Party may designate materials or information by providing written notice to the other party and by producing a copy of the material or information with the designation required by this Protective Order. Such written notice must be provided within fifteen (15) days of the discovery of the inadvertent failure to designate. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim of sensitivity when such claim is timely asserted in writing within fifteen (15) days of the discovery of the inadvertent failure to designate.

## Non-Termination of Sensitivity

32. Any information or documents designated as Sensitive Information pursuant to the terms of this Protective Order shall continue to be treated as such until such time as: (a) the Designating Party expressly agrees in writing that the information, documents, testimony, or materials are no longer to be designated sensitive; or (b) the Court finds and orders that such information or documents are not protected from disclosure under this Protective Order. Upon a Court order or finding that documents or information previously designated as Sensitive Information are not protected from disclosure under this Protective Order or the Designating Party's agreement in writing that documents or information previously designated as Sensitive Information no longer constitute Sensitive Information, the Designating Party shall reproduce the document or information at issue without any sensitive designation and with a bates or hash number different from the document or information originally designated as Sensitive Information.

33. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

## Unauthorized Disclosure of Protected Material

34. If a party receiving Sensitive Information ("Receiving Party") learns that, by inadvertence or otherwise, it has disclosed Sensitive Information that it received from a Designating Party to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the Confidentiality Acknowledgment that is attached to this Protective Order.

<u>Modification of Protective Order</u>

35. If any party seeks to modify the terms of this Protective Order, such party must first meet and confer in good faith with the other parties to this case concerning any proposed modifications. Following a meet and confer about modifications to this Protective Order, a party may petition the Court for the modification(s) that were the subject of the parties' meet and confer. The parties will have a reasonable amount of time to respond to such petition, which shall not be less than 21 days and consistent with any Court order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

SO ORDERED on this _____ day of _____, 2026.

_____
JUDGE

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANTS REPWIRE, LLC AND JOSE PIGNA: |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br><br>PATRICIA M. McCARTHY<br>Director<br><br>FRANKLIN E. WHITE, JR.<br>Assistant Director<br><br>/s/ Matthew D. Lewis<br>MATTHEW D. LEWIS<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 880-6321<br>matthew.lewis@usdoj.gov | /s/   Jennifer Diaz<br>Jennifer Diaz<br>Diaz Trade Law, P.A.<br>12700 Biscayne Boulevard<br>Suite 401<br>North Miami, FL 33181<br>(305) 456) 3830<br>Email: jen@diaztradelaw.com<br><br>/s/   David Craven<br>David Craven<br>Craven Trade Law LLC<br>3744 N Ashland<br>Chicago, IL 60613<br>(773) 709-8506<br>Email: david.craven@tradelaw.com<br><br>/s/   Robert Becerra<br>Robert Becerra<br>Becerra Law, P.A.<br>75 Valencia Avenue<br>Suite 800<br>Coral Gables, FL 33134<br>(305) 375-0112<br>Email: rbecerra@rjbecerralaw.com<br><br>ATTORNEYS FOR DEFENDANT<br>AMERICAN ALTERNATIVE<br>INSURANCE CORPORATION:<br><br>/s/ Jason M. Kenner<br>Jason M. Kenner<br>Sandler, Travis & Rosenberg, P.A.<br>675 Third Avenue, Suite 2425<br>New York, NY 10017<br>212-549-0137<br>jkenner@strtrade.com |

Dated: February 2, 2026